## Inhabitants of NEW PORTLAND vs. Inhabitants of NEW VINEYARD.

An act annexing a part of one town to another is a public act.

When a part of one incorporated town is taken off and annexed to another, the inhabitants living on the territory thus annexed, and having a settlement at the time in the town from which it is taken, acquire thereby a settlement in the town to which the annexation is made.

If an inhabitant, thus acquiring a settlement, remove from the territory annexed into a different part of the town to which the annexation is made, and there remain until after the act is unconditionally repealed, his settlement continues, and is not transferred back by the repeal of the act.

FROM the facts agreed by the parties, it appeared that the action was brought for the support of one *Ami R. Videto* and family, whose settlement was alleged to be in *New Vineyard*; that the paupers had a lawful settlement in *New Vineyard,* and were not then paupers, on the fourth day of *March,* 1834; that by an act of the legislature, passed on that day, a part of *New Vineyard* with the inhabitants thereon, including the land whereon the paupers then resided, was set off to *New Portland*; that twenty-nine days after the recess of the legislature of 1834, *April* 11*th,* the paupers removed from the territory taken from *New Vineyard,* and annexed to *New Portland* into the part of *New Portland,* as it was before the act passed, and have since resided there; and on the 12th of *March,* 1835, the legislature passed an act repealing the annexation act of *March* 4, 1834, the paupers then residing within the original limits of *New Portland.* There was no provision respecting the poor contained in either act. The settlement of the paupers alone was in controversy.

The case was submitted on the briefs of counsel by

*J. T. Leavitt,* for the plaintiffs, and by

*R. Goodenow,* for the defendants.

*Leavitt* cited the annexation act of *March* 4, 1834; the repealing act of *March* 12, 1835; the acts of 1834, respecting the time when public acts shall take effect, *c.* 92, and *c.* 135; *Commonwealth* v. *Springfield,* 7 *Mass. R.* 9; *Pierce* v. *Kimball,* 9 *Greenl.* 54; *Gove* v. *Brazier,* 3 *Mass. R.* 540; *Holbrook* v. *Holbrook,* 1 *Pick.* 258; *Bac. Ab. Statute F* ; *Hallowell* v. *Bowdoinham,*

1 *Greenl.* 129; *New Portland* v. *Rumford,* 13 *Maine R.* 299; *Fitchburg* v. *Westminster,* 1 *Pick.* 144; *Sutton* v. *Dana,* 4 *Pick.* 117.

The opinion of the Court was prepared and delivered at another term by

SHEPLEY J. — By the act of *March* 4, 1834, *Spec. Laws, ch.* 474, part of *New Vineyard* was annexed to *New Portland;* and the rights of the parties may depend upon the time, when that act took effect. And that may be determined by its being a public or a private act. Those are to be regarded as public acts, which regulate the general interests of the state or any of its divisions. Private acts are such as affect the rights of individuals named. The act in question must be regarded as a public act, and operative as such. By the act of the 25th of *January,* 1834, *ch.* 92, the public acts of that session passed after that time, were prevented from taking effect on the day of their approval. The act provides, that they shall be published within twenty days after the close of the session, and that they shall begin to take effect in twenty days from the date of their publication, unless otherwise provided.

By the act of *March* 12, 1834, *ch.* 135, the public statutes were to take effect in thirty days from the recess of the legislature passing them, unless otherwise provided, and the act of the 25th of *January* is repealed. It may be said, that the act itself did not take effect until the thirty days had elapsed; but such cannot be admitted to have been the intention of the legislature. And if it were, the act of the 25th of *January* would not be repealed until it did take effect, and the same result would be produced, unless it appeared, that the act was published so early as to take effect within thirty days.

The effect of the act of *March* 4, 1834, was to change the legal settlement of those who dwelt and had their homes upon that territory at the time when it took effect. This act was repealed by the act of the 12th of *March,* 1835, *Spec. Laws, ch.* 565. And it is insisted, that such a construction should be given to both these acts as to prevent their having any influence upon the rights and duties of the two towns. Such ought to be their effect, if no change of residence had taken place. The repealing act restored

New Portland *v.* New Vineyard.

the territory to *New Vineyard* and would have the same operation to change the legal settlement of those then having their homes upon it, as if there had been a special enactment restoring it, and no greater. In the provision for paupers, it is not equity but the positive enactment that must decide. But there is not in this case, such strong equity as the argument supposes in favor of holding that those, who removed from the territory during the year, should have their legal settlement again changed upon the restoration of that territory. For it may be, that others, whose residence was before in *New Portland* or other towns, took the places of those, who during the year removed, and had their settlements changed to *New Vineyard.* And to require her to support those, who had removed, and those who took their places, would be to impose a double burthen, instead of placing things upon their original footing.

Upon the facts as agreed, the removal of the paupers, taking place before the act took effect, their legal settlement would be in *New Vineyard.*

A motion is made supported by affidavit, stating that the time of removal was erroneously stated in the agreed facts, and that this has been since ascertained. As the question is one of importance to these towns, and as there is reason to fear, that their rights may not be legally determined upon the facts agreed, the agreed statement is discharged and the action is to stand for trial.